IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE OTIS HARRIS, JR., #614647, | § | |
|               Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-0649-L-BK |
| | § | |
| WILLIAMS STEPHENS, Director TDCJ-CID, | § § | |
|               Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 8, 2014, Petitioner filed a motion requesting a copy of all habeas petitions and court rulings relating to his 1992 Dallas County aggravated robbery convictions. Petitioner states that he is seeking leave to file a successive habeas petition in the United States Court of Appeals for the Fifth Circuit, which requires a copy of all prior habeas proceedings. On May 12, 2014, the district judge referred the motion to the undersigned "to submit to the court proposed findings and recommendations for disposition of the motion." [Doc. 10].

Petitioner's motion requesting documents [Doc. 9] should be **DENIED without prejudice**. The Clerk of Court previously mailed to Petitioner a copy of all findings, orders of acceptance, and judgments in this as well as Petitioner's four prior habeas cases. *See* Nos. 3-97-CV-0053-D, 3:09-CV-1060-O, 3:10-CV-1472-D-BN, 3:11-CV-3402-M-BK, 3:14-CV-0649-L-BK. Petitioner should also have retained a copy of this and his prior habeas petitions. Nevertheless, Petitioner may file a motion in the Fifth Circuit Court of Appeals, along with an affidavit of due diligence, requesting that a copy of the record in his prior cases be forwarded to

the court of appeals to be reviewed in connection with his motion for leave to file a successive habeas petition.

  SIGNED May 14, 2014.

                 _____
                 RENEE HARRIS TOLIVER
                 UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                 _____
                 RENEE HARRIS TOLIVER
                 UNITED STATES MAGISTRATE JUDGE